IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2181-D

| | |
|---|---|
| JAMES A. G. BUNCH, Jr., ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WILLIAM B. CARROLL,[1] et al., ) | |
| ) | |
| Respondents. ) | |

James A. G. Bunch, Jr., a former state inmate who has completed his terms of incarceration and parole, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. [D.E. 1]. On May 2, 2011, the court reviewed the petition and allowed it to proceed [D.E. 5]. On May 5, 2011, respondent moved to dismiss the petition as successive and time-barred [D.E. 8]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Bunch about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 10]. On May 26, 2011, Bunch responded in opposition and submitted an affidavit [D.E. 11–12]. On August 25, 2011, respondent again moved to dismiss, this time contending that the termination of Bunch's parole moots the petition [D.E. 13]. Again pursuant to Roseboro, the court notified Bunch about the second motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 15]. On September 14, 2011, Bunch responded in opposition [D.E. 16]. As explained below, the court grants the motion to dismiss.

---

[1] Bunch initially filed this action against John N. Vaughan, then-administrator of Odom Correctional Institution. Carroll has replaced Vaughan as the administrator of Odom Correctional Institution and the caption reflects his automatic substitution pursuant to Fed. R. Civ. P. 25(d).

I.

On September 19, 1990, in the Superior Court of Hertford County, a jury convicted Bunch of two counts of first-degree kidnapping and one count of possession of a stolen firearm. See generally State v. Bunch, 106 N.C. App. 128, 415 S.E.2d 375 (1992). The trial court sentenced Bunch to three consecutive terms of imprisonment of thirty, twelve, and ten years. See id., 106 N.C. App. at 131, 415 S.E.2d at 377. On April 21, 1992, the North Carolina Court of Appeals found no error. Id., 106 N.C. App. at 134, 415 S.E.2d at 378. Bunch petitioned the Supreme Court of North Carolina for discretionary review, which that court denied on July 16, 1992. State v. Bunch, 332 N.C. 149, 419 S.E.2d 575 (1992). Bunch did not seek certiorari in the United States Supreme Court. See Pet. 4.

Bunch then made a variety of state and federal post-conviction filings. See, e.g., Bunch v. N.C. Dep't of Corr., No. 5:04-HC-974-H, [D.E. 8] 1–3 (E.D.N.C. May 3, 2005) (unpublished) (detailing petitioner's prior filings). Indeed, Bunch has filed three previous habeas petitions in this district. See id., appeal dismissed, No. 05-6876 (4th Cir. Sept. 2, 2005) (per curiam) (unpublished); Bunch v. Jackson, No. 5:06-HC-2146-FL, [D.E. 6] (E.D.N.C. Oct. 31, 2006) (unpublished) (dismissing petition without prejudice to obtain authorization from Fourth Circuit to file second or successive petition), appeal dismissed, No. 07-6002 (4th Cir. Apr. 13, 2007); Bunch v. Jackson, No. 5:07-HC-2219-BO (E.D.N.C. Dec. 28, 2007) (same). On December 20, 2010, Bunch was paroled. On July 9, 2011, Bunch's term of parole concluded. [D.E. 14] 2 & Ex. (N.C. Dep't of Corr., Offender Pub. Info.)

In this petition, Bunch argues that the North Carolina Department of Correction ("DOC") is improperly using the OPUS system—which came into effect after his sentence was imposed and applies to inmates sentenced under the North Carolina Structured Sentencing Act—to calculate his

2

sentence credits. Pet. 5 (ground one). Bunch estimates that he lost "a total of 15 months" of sentence credits "plus projected credits" through OPUS, in violation of the Ex Post Facto clause of the Constitution. Id. 6–7.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1949–50. Similarly, a court need "not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Respondent seeks dismissal and argues that the petition is successive, time-barred, and moot. [D.E. 9] 3–6; [D.E. 14] 1–2. Bunch objects to any dismissal of his petition given "the undu[e] delay of the courts to have already issued the writ" and relies on the merits of his claim. [D.E. 16] 1; see [D.E. 11] 5.

3

> [T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction.... [A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. Particularly relevant here, [m]ootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).
>
> Thus, for a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability.

Townes v. Jarvis, 577 F.3d 543, 546–47 (4th Cir. 2009), cert. denied, 130 S. Ct. 1883 (2010) (quotations and citations omitted) (alterations in original). Accordingly, for a habeas petitioner to maintain his action after his release from incarceration, he must "demonstrate[] . . . collateral consequences with respect to the duration of his parole and probation." Id. at 547.

Bunch has failed to plead any plausible collateral consequences. Because his claim attacks the execution of his sentence rather than the validity of his conviction, his discharge from parole has granted him the relief he seeks. See, e.g., Lane v. Williams, 455 U.S. 624, 631 (1982); North Carolina v. Rice, 404 U.S. 244, 248 (1971) (per curiam) ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter.").

Alternatively, the court dismisses the petition as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a person in custody pursuant to the judgment of a state court file any application for a writ of habeas corpus within a one-year period of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

4

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The limitation period under section 2244(d)(1) is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is "pending" from initial filing in the state courts until final disposition in the state courts. See Taylor, 186 F.3d at 560–61. The period between the time that a petitioner's conviction becomes final and the time that a petitioner files a state application for post-conviction relief counts against the one-year period of limitation. See, e.g., Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The statutory period then resumes after the state court of appeals denies a petitioner's certiorari petition. See, e.g., Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because Bunch did not seek further review in the United States Supreme Court, his conviction became final no later than October 14, 1992, ninety days after the Supreme Court of North Carolina denied his petition for discretionary review. See, e.g., Clay v. United States, 537 U.S. 522, 527 (2003). This date preceded the AEDPA's April 24, 1996, effective date, meaning that the one-year statute of limitations began to run on April 24, 1996. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). And absent a later date on which

5

Bunch's claims accrued, Bunch's one-year period of limitation expired 365 days later.

"[A] petitioner's year to file can begin on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" Gantt v. Anderson, No. 1:09CV40, 2010 WL 3895576, at *3 (M.D.N.C. Sept. 29, 2010) (citing 28 U.S.C. § 2244(d)(1)(D)). As Bunch acknowledges, the Structured Sentencing Act went into effect on October 1, 1994, and the DOC implemented the OPUS system in 1995. See Pet. 5; Gantt, 2010 WL 3895576, at *2, 4 (citing State v. Bright, 135 N.C. App. 381, 381–82, 520 S.E.2d 138, 139 (1999)). Bunch fails to explain why he could not discover the alleged changes to his sentence credit calculation and frequency of parole eligibility hearings in the time between October 1, 1994, and August 9, 2010, the date he signed his petition. Accordingly, absent equitable tolling of the one-year statute of limitations, Bunch's petition is untimely. See Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010) (noting that the AEDPA's one-year statute of limitations is subject to equitable tolling).

Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Bunch has not made any argument concerning equitable tolling

6

and the court concludes that the doctrine does not apply.

II.

In sum, the court GRANTS respondent's motions to dismiss [D.E. 8, 13], and DISMISSES Bunch's application for a writ of habeas corpus [D.E. 1] as moot, or in the alternative, as time-barred. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court shall close this case.

SO ORDERED. This **14** day of November 2011.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge